IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE EDWARDS | § | |
| (Dallas Cty. Jail Bookin No. 17002984), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-786-D-BN |
| | § | |
| FATH JOHNSON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Willie Edwards, at the time detained pretrial at the Dallas County jail,
filed this *pro se* civil rights action against the Dallas County District Attorney, a Dallas
police detective, the Dallas County District Clerk, a Dallas County public defender, and
a Dallas County judge. This action has been referred to the undersigned United States
magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of
reference from United States District Judge Sidney A. Fitzwater. The undersigned
enters these findings of fact, conclusions of law, and recommendation that, for the
following reasons and to the extent set out below, the Court should dismiss this action
with prejudice.

**Applicable Background**

Liberally construed, Edwards brings allegations related to his arrest for
aggravated kidnaping, *see State v. Edwards*, F17-33192 (265th Jud. Dist. Ct., Dallas
Cty.); assault of a family/household member, *see State v. Edwards*, F17-70086 (265th

Jud. Dist. Ct., Dallas Cty.); and sexual assault, *see State v. Edwards*, F17-75026 (265th Jud. Dist. Ct., Dallas Cty.), and his pretrial detention related to those charges. *See generally* Dkt. Nos. 3, 7, & 8. He also asserts that, while he was incarcerated, a fellow inmate beat him and, as a result, he suffered a broken knee and a broken jaw. *See, e.g.,* Dkt. No. 8 at 13. He requests $10 million in damages for "one year false imprisonment and pain and suffering." Dkt. No. 3 at 5.

Since this action was filed, Edwards has pleaded guilty to Class A misdemeanor assault in F17-70086, and he was sentenced to 180 days in the county jail/time served. And the State has dismissed the remaining criminal actions after being unable to obtain the cooperation of the eye witness, thus thwarting its ability to present a prima facie case in either prosecution.

Dallas County jail records reflect that Edwards has been released from incarceration, but he has failed to update his mailing address. *Cf.* Dkt. No. 6 at 1-2 (magistrate judge's questionnaire to Edwards warning him that the failure to update his address may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b)).

**Legal Standards**

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the familiar framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

In conducting the failure-to-state-a-claim analysis, "it is clearly proper ... to take judicial notice of matters of public record," *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008), such as adjudicative facts apparent from "state court criminal records," *Land v. Stone*, No 3:10-cv-981-B-BK, 2010 WL 5538413, at *4 (N.D. Tex. Dec. 14, 2010) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)); *see also* FED. R. EVID. 201.

## Analysis

### I.   <u>Immunity</u>

Asked to explain the liability of "Judge Theresa Horthon," Edwards asserts no allegations outside her role as a judge. *See* Dkt. No. 8 as 12 (Judge Horthon's "job is

justice," and asserting that she ignored his *pro se* filings and only released him "out of guilt"). Similarly, Edwards asserts that District Clerk Felicia Pitre violated his civil rights through her role as a court clerk. *See id.* at 10 ("Her job is to file [and] she never sent me one word from the court.").

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

"This absolute immunity also extends to the court clerks," to the extent that they "perform [a] ministerial task ... at the judge's behest." *Kastner v. Lawrence*, 390 F. App'x 311, 315 (5th Cir. 2010) (citation omitted). Said differently, "[c]ourt clerks are immune from actions 'for damages arising from acts they are specifically required to

do under court order or at a judge's discretion.'" *Id.* (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)). And, while Edwards includes no allegations to show that any court employee named as a defendant acted without instructions from a judge, court clerks, "including their deputies, are entitled to qualified immunity involving 'routine actions.' Routine duties are those not explicitly 'commanded by court decree, or by judge's instructions.'" *Lewis v. U.S. Postal Serv.*, Civ. A. No. 08-555-JVP-DLD, 2009 WL 819009, at *3 (M.D. La. Mar. 27, 2009) (quoting *Clay*, 242 F.3d at 682).

Dallas County District Attorney Fath [sic] Johnson's alleged liability also turns on her doing her job as a prosecutor. *See* Dkt. No. 8 at 8.

State prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)). A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. 2005).

> Prosecutorial immunity, however, applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors

> are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant.

*Id.* (citations and quotation marks omitted); *see Bibb v. Montgomery Cty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430-31)).

Because Edwards alleges no specific facts to show that any of these defendants acted outside of the scope of their respective duties, he has not overcome the absolute immunity that attaches to judges, court clerks, and prosecutors acting within their jurisdiction. And his claims against these defendants should be dismissed with prejudice.

II.    <u>Non-state actor</u>

It further appears that Edwards has named as a defendant his former public defender, Paul Barkon. *See, e.g.,* Dkt. No. 8 at 11. Defense attorneys, whether public defenders or private attorneys, are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *cf. Sellers v. Haney*, 639 F. App'x 276, 277 (5th Cir. 2016)

(per curiam) ("The district court properly concluded that Sellers's defense attorneys were not state actors." (citing *Dodson*, 454 U.S. at 317-18)). And Edwards alleges no facts to show that Barkon conspired with state actors to deprive him of constitutional rights. *See Mills*, 837 F.2d at 679. The claims against him should therefore be dismissed with prejudice.

III.    *Heck* bar

Further, Edwards claims that a Dallas police detective, identified as Eric or Erica King, falsely arrested him in 2017. *See* Dkt. No. 8 at 9. That arrest led to Edwards's conviction for Class A misdemeanor assault later that year. And his claim against Detective King should be dismissed as frivolous because it is "necessarily inconsistent with the validity of [that] conviction," *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)) – a conviction that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

"The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary

principle that civil tort actions are not appropriate vehicles for challenging the validity

of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

> *Heck* prohibits a plaintiff from using a § 1983 suit to challenge the
> validity of his conviction or sentence, unless the plaintiff demonstrates
> that the conviction or sentence has in some way been reversed or
> invalidated. *Bush*, 513 F.3d at 497. Consequently, "a plaintiff's claim is
> *Heck*-barred despite its theoretical compatibility with his underlying
> conviction if specific factual allegations in the complaint are necessarily
> inconsistent with the validity of the conviction." *DeLeon*, 488 F.3d at 498
> n.14 (alteration omitted) (quoting *McCann*, 466 F.3d at 621); *see also
> Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant
> that [a plaintiff] disclaims any intention of challenging his conviction; if
> he makes allegations that are inconsistent with the conviction's having
> been valid, *Heck* kicks in and bars his civil suit."). This is because "factual
> assertions in pleadings are ... judicial admissions conclusively binding on
> the party that made them." *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d
> 105, 108 (5th Cir. 1987) (alterations and citation omitted).

*Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (per curiam)

(citations modified).

IV.    <u>Assault by another inmate</u>

Finally, to the extent that Edwards brings claims related to his being injured by

a fellow inmate, he has failed to allege "facts to support a claim that a fellow inmate's

assaultive conduct against him may be attributable to the State. He therefore fails to

state a plausible claim against this defendant." *Hester v. Dallas Cty. Jail*, No.

3:11-cv-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *rec. adopted*,

2012 WL 1437747 (N.D. Tex. Apr. 25, 2012); *see also Clary v. Roque*, Civ. A. No.

H-09-3373, 2009 WL 3386398, at *1 (S.D. Tex. Oct. 20, 2009) ("Plaintiff states no

cognizable section 1983 claim against the other inmate, as the inmate is not a state

actor." (citing *Dodson*, 454 U.S. at 325; *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.

-9-

1996))).

And, to the extent that Edwards attempts to allege that unnamed jail officials are responsible for this assault, as a pretrial detainee at the time of this incident, Edwards was "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)); *see Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) ("[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'"). The Court's task, then, is to determine whether Edwards has plausibly pleaded that his Fourteenth Amendment rights were violated by unnamed defendants acting in a manner that resulted in this assault.

> The applicable standard for making this determination depends on whether the constitutional challenge is based on a "condition of confinement" or an "episodic act or omission." Where the claim is based on a condition of confinement, the constitutional challenge is to the general conditions, practices, rules, or restrictions of pretrial confinement. By contrast, where the claim is based on an episodic act or omission, the complained-of harm is a particular act or omission of one or more officials, and the case focuses on whether the official breached his constitutional duty to tend to the basic human needs of persons in his charge.

*Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (citations, quotation marks, and brackets omitted).

The facts alleged do not support a conditions-of-confinement claim, which

"requires 'a pervasive pattern of serious deficiencies in providing for the detainee's basic human needs,' and cannot be established by 'isolated examples of illness, injury, or even death, standing alone.'" *Id.* at *7 (quoting *Shepherd v. Dallas Cty.*, 591 F.3d 445, 453 (5th Cir. 2009) ("which held that Dallas County's failure to treat chronic illness among detainees was an unconstitutional condition of confinement"); brackets omitted).

And Edwards has not alleged a plausible constitutional violation based on an episodic act or omission, as he has failed to allege facts that support a plausible inference "that [unnamed officials at the jail] acted or failed to act with deliberate indifference to [his] needs." *Sanchez v. Young Cty., Tex.*, 866 F.3d 274, 279 (5th Cir. 2017) (per curiam); *see* Dkt. No. 8 at 13 (alleging that he believes that he should not have been in the same cell as the inmate who assaulted him and that there was no camera in a day room where he may have been assaulted but also alleging that, once he was injured, he was transported to Parkland Hospital, brought back to the jail for three days, and then transported back to Parkland for surgery).

"Subjective deliberate indifference 'cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Price*, 2017 WL 3189706, at *7 (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001)); *see id.* at *8 ("Subjective intent that harm occur is an essential element of an episodic act or omission claim." (citing *Alderson*, 848 F.3d at 422)); *see also Marino v. Cunnion*, No. A-11-CV-587-LY, 2013 WL 33625, at *3 (W.D. Tex. Jan. 2, 2013) ("When a pretrial detainee alleges unconstitutional conduct which involves an episodic act or

omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights. To prove deliberate indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety." (citing *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999))).

Therefore, to the extent that Edwards alleges a Fourteenth Amendment due process violation based on the assault by another inmate, the Court should dismiss that claim with prejudice as, through the questionnaire [Dkt. No. 6], the Court already has afforded Edwards the opportunity to state his best case. *Cf. Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: January 24, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE